IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

RANDLE RAYMOND LOCKETT, )
)
    Petitioner, )
)
v. ) Case No. 19-cv-0046 GKF-JFJ
)
JANET DOWLING, Warden, )
)
    Respondent. )

## OPINION AND ORDER

Before the Court is Randle Raymond Lockett's *pro se* Motion to Stay his 28 U.S.C. § 2254 habeas proceeding. Dkt. 2. Lockett seeks a stay while he exhausts state remedies. For the reasons discussed below, the Court will deny the Motion because all claims are exhausted.

**I. Background**

Lockett seeks federal habeas relief from his convictions for first degree murder (Count 1) and felon in possession of a firearm (Count 4), Case No. CF-2013-4823. Dkt. 1 at 1; *see also* Dkt. 7-1. Lockett shot a man outside of a Tulsa apartment but claimed self-defense. Dkt. 1 at 5-7. A jury rejected his theory and convicted him of the above charges. Dkt. 7-1 at 1. The state court sentenced Lockett to life imprisonment on Count 1 and 10 years imprisonment on Count 2, to be served consecutively. *Id.* Lockett filed a direct appeal based on four propositions of error that are not relevant here. *Id.* The Oklahoma Court of Criminal Appeals (OCCA) affirmed the conviction and sentence on November 4, 2016. *Id.*

Lockett filed his first post-conviction application about a year later. Dkt. 7-3 at 1. He argued, inter alia, police investigators committed misconduct based on:

(Claim 3(b)): The failure to search or photograph the interior of the apartment where the dispute between Lockett and the victim purportedly began; and

(Claim 3(c)): The failure to "provide the Medical Examiner with clothes to test for gunpowder residue and other evidence that would establish [Lockett's claim of self-defense]."

Dkt. 7-3 at 3-4. The state court denied post-conviction relief, and the OCCA affirmed the decision on January 9, 2019. *Id.*

Several weeks later, on January 28, 2019, Lockett filed the federal § 2254 Petition and the Motion to Stay (Motion). Dkts. 1, 3. The Petition raises the two police-misconduct arguments identified above. The Motion seeks to stay the federal proceedings while he exhausts another unspecified claim based on "new information." Dkt. 3. Lockett's second post-conviction proceeding - which he filed on the same day as the federal petition - provides insight into the new information. Dkt. 7-4. There Lockett argued Detective Baumann "was fully aware … the [altercation] began inside the apartment and that DNA and/or physical evidence [existed] inside the apartment." *Id.* at 3. Lockett also wished to proffer a news report detailing misconduct by Detective Baumann in an unrelated case. *Id.* The state court denied the second post-conviction application on March 19, 2019. *Id.*

Respondent filed an opposition response to the Motion on May 8, 2019. Dkt. 7 Respondent concedes, and the Court finds, that Lockett timely filed his federal petition. *See* 28 U.S.C. § 2244(d)(A). However, Respondent argues the claim regarding Baumann is not exhausted and a stay is not appropriate under the factors set forth in *Rhines v. Weber*, 544 U.S. 269 (2005). Dkt. 7. Lockett filed a reply, which reiterates the above arguments about Baumann. Dkt. 8.

**II. Analysis**

The Antiterrorism and Effective Death Penalty Act (AEDPA) generally "prohibits federal courts from granting habeas relief to state prisoners who have not exhausted available state

remedies." *Ellis v. Raemisch*, 872 F.3d 1064, 1076 (10th Cir. 2017); *see also* 28 U.S.C. § 2254(b)(1). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "Fair presentation, in turn, requires that the petitioner raise in state court the 'substance' of his federal claims." *Williams v. Trammell*, 782 F.3d 1184, 1210 (10th Cir. 2015).

When a state prisoner timely files a "mixed" petition, *i.e.*, a habeas petition that includes both exhausted and unexhausted claims, federal courts have four options. *See Rhines v. Weber*, 544 U.S. 269, 275-78 (2005). Based on the facts of the case, the Court may: (1) dismiss the entire petition without prejudice and permit the petitioner to return to state court to exhaust all claims; (2) stay the federal proceeding and permit the petitioner to return to state court to exhaust his claims; (3) allow the petitioner to amend the petition to dismiss unexhausted claims and proceed only on exhausted claims; or (4) deny the entire petition on the merits. *See Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016); *Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002). The second option (a stay) is only warranted if "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines,* 544 U.S. at 278.

This case is unusual because, while Lockett seeks a stay, it does not appear he actually filed a mixed petition. Lockett exhausted his police misconduct claims. As noted above, he alleged a female responding officer mischaracterized the condition of the apartment near the murder; failed to search the apartment; and withheld clothes to prevent laboratory testing. Dkt. 7-3 at 5. Lockett's "new information" appears to consist of the officer's name and an article describing her misconduct in another case. These "bits of [new] evidence" do not amount to a new, unexhausted claim; they

3

merely add color to the claims Lockett already presented in state court. *Fairchild v. Workman*, 579 F.3d 1134, 1148 (10th Cir. 2009) (emphasizing that "not every new piece of evidence makes a claim a new one"); *see also Gardner v. Galetka*, 568 F.3d 862, 881, 882 (10th Cir. 2009) (allowing new evidence where the materials "would likely only have added color" to the claim presented in state court, and the difference between the new evidence and that presented in state court was "purely a matter of degree"). Moreover, construing exhaustion broadly in this case, and moving forward towards a single dispositive ruling on all claims, is consistent with "AEDPA's goal of streamlining federal habeas proceedings…." *Rhines*, 544 U.S. at 277.[1]

For these reasons, the Court finds Lockett did not file a mixed petition, and he need not exhaust any additional claims based on the new information about Baumann. The Court will deny the Motion to Stay but allow Lockett to file an amended § 2254 Petition by **September 20, 2019**. The amended petition may attach the news article about Baumann and allege additional facts regarding her alleged misconduct. If Lockett declines to timely file an amended petition, the Court will limit its review to the Petition on file (Dkt. 1). The Court will also direct Respondent to file an answer addressing the merits of Lockett's claims no later than **November 1, 2019.**

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Motion to Stay (Dkt 3) is **denied**.

2. No later than **September 20, 2019,** Lockett may file a single amended petition that: (1) restates his original police-misconduct claims; (2) attaches the news article(s) about Baumann; and (3) and alleges additional facts regarding Baumann's alleged misconduct. If Lockett declines to file an amended petition consistent with this ruling, the Court will limit its review to the original petition (Dkt. 1).

---

[1] This is particularly true where, as here, Respondent argues the new evidence is irrelevant. Dkt. 7.

3. No later than **November 1, 2019,** Respondent shall file an answer addressing the merits of Lockett's claims.

**ENTERED** this 3rd day of September 2019.

*[signature]*
GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE

5